# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Dominic Joseph DeCantis,<br><br>Debtor<br><br>Address: 830 N Main Ave.<br>         Scranton, PA 18504<br><br>Last four digits of Debtor SSN: 6719 | Bankruptcy No. 5:22-bk-01826-MJC<br><br>Chapter 13 |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

    **Dominic DeCantis**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding.
    ☐ Plaintiff
    ☐ Defendant
    ☐ Other (describe) _____

    For appeals in a bankruptcy case and not in an adversary proceeding.
    ☒ Debtor
    ☐ Creditor
    ☐ Trustee
    ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

    **Order that fee application is granted in part and denied in part entered at Docket Entry 63.**

2. State the date on which the judgment—or the appealable order or decree—was entered:

    **September 30, 2025**

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: **Dominic Joseph DeCantis**     Attorney: **Carlo Sabatini**

Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000

2.  Party:                              Attorney:




## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

**s/ Carlo Sabatini**                                      Date: October 13, 2025
Signature of attorney for appellant(s) (or
appellant(s) if not represented by an attorney)


Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

**Carlo Sabatini**
**Sabatini Law Firm, LLC**
**216 N. Blakely St.**
**Dunmore, PA 18512**
**(570) 341-9000**


Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

#### UNITED STATES BANKRUPTCY COURT
#### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| **Dominic Joseph DeCantis,** | : | Case No. 5:22-01826-MJC |
| | : | |
| Debtor. | : | |

## O R D E R

**AND NOW**, upon consideration of the First Interim Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses, filed on April 29, 2024, Doc. 48 ("Application") filed by Mr. Carlo Sabatini, Esquire as Counsel for the Debtor ("Applicant"), in which the Applicant requested interim allowance of compensation in the amount of $11,869.25[1] and the reimbursement of expenses in the amount of $449.85 for the period June 13, 2022 to December 1, 2023;

**AND**, the Chapter 13 Trustee ("Trustee") filed an Objection to the Application on May 20, 2024, Doc. 49 ("Objection");

**AND**, the Applicant and Trustee entered into a Stipulation resolving the Objection, Doc. 52, whereby the Applicant agreed to reduce his fees by $3,354.50, thereby reducing the Application request to $8,514.75, plus expenses ("Stipulation")(*see* Doc. 57);[2]

---

[1] The Application lists a staggering 57.2 hours, prior to any discounts, billed to this consumer Chapter 13 case thus far. Mr. Sabatini's time alone totaled 18.5 hours billed at $415 per hour. There are approximately 35 total hours entered prior to the petition being filed. This Application is identified as interim and as such, Applicant could seek payment of additional sums.

[2] The Court appreciates the Trustee's obligation to identify improper or excessive billing entries by the Applicant and the Applicant's agreement to settle the disputes by the terms of the Stipulation. However, the Court, after consuming an inordinate amount of time on Applicant's fee applications, has concerns with regard to Applicant's ongoing billing practices in these routine Chapter 13 cases.

**AND**, the Court having held a hearing on the Application on August 7, 2024[3] and the Applicant submitting a supplemental Brief and Affidavit on October 7, 2024 (Doc. 60, 61);

**AND**, based on Debtor's Schedules filed in this case, Debtor is married, employed as a cook at a local restaurant, and with his wife they have a total net monthly income of $4,543.42, monthly expenses of $4,119.36, leaving a monthly net income of $424.06. Doc. 1 (Schedules I and J). This net income is the monthly payment provided under the Debtor's 36-month Chapter 13 Plan for a total Plan payment of $15,266.16. Doc. 5. The Plan was confirmed by Order entered January 6, 2023. Doc. 37;

**AND**, only six (6) proofs of claim were filed by creditors indicating a total of $56,796.44 of secured claims and $15,505.65 of unsecured claims;

**AND,** Applicant's original interim request for fees of $11,869.25 and reimbursement of expenses of $449.85 for a total of $12,319.10 would account for over 80% of the total plan payments which, after payment of Chapter 13 administrative costs, would leave no funds available for distribution to creditors;

**AND**, upon review of the case docket and the Applicant's submissions, the Court finding that this case is a standard or routine Chapter 13 case with no unique or complex issues[4] and that a reduction in the amount of allowed compensation is necessary due to charges for services that are non-billable administrative tasks, paralegal or secretarial duties that should have been billed at non-attorney rates, and for excessive time billed for certain tasks;

**AND**, as Applicant knows from prior hearings, for requests for compensation, the burden of proof rests on the applicant to establish that the fees earned are reasonable and necessary. *Zolfo,*

---

[3] The Transcript of the hearing, Doc 62, shall be hereinafter referred to as "Tr." At the hearing, Mr. Sabatini appeared. The Debtor did not appear.
[4] Mr. Sabatini agreed that the case was not complex, "I don't think that there's anything complex about the case." Tr. at p. 8.

*Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 261 (3d Cir. 1995) (citing *In re Metro Transp. Co.*, 107 B.R. 50, 53 (E.D. Pa. 1989)); *In re Pochron*, 2022 WL 1085459, at *2 (Bankr. S.D. Ohio 2022); *In re Murray*, 2007 WL 2317523, at *2 (Bankr. E.D. Pa. 2007). "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by [the] debtor." *In re Pettibone Corp.*, 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987) (citing *In re Hotel Associates, Inc.*, 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981));

**AND**, based on and incorporating the Court's legal analysis in *In re Badyrka*, 2022 WL 4656034 (Bankr. M.D. Pa. 2022), *In re Thomas*, 2023 WL 6885827 (Bankr. M.D. Pa. 2023), *In re Beckhorn*, Case No. 5:21-0849-MJC (Bankr. M.D. Pa. November 17, 2022) and *In re Grove*, Case No. 5:20-0698-MJC (Bankr. M.D. Pa. March 31, 2023);

**AND**, this District having set a Presumptively Reasonable Fee ("PRF") for routine Chapter 13 cases of $4,500, L.B.R. 2016-2 (c), which Courts have used as a "starting point" to what should be considered a "reasonable" fee in a routine Chapter 13 case. *See In re Schuman*, 2013 WL 1195279, at *6-7 (Bankr. N.D.N.Y. 2013) (describing presumptive fee as "pre-calculated lodestar" and utilizing it as a starting point for review of lodestar fee applications); [5]

**AND**, the Court finding that it is not required to make a line by line analysis of the fee application, *see In re 388 Route 22 Readington Holdings LLC*, 2023 WL 4249266, at *3 (3d Cir. 2023); *Badyrka*, 2022 WL 4656034, at *9; *In re McKeeman v. Laughlin,* 236 B.R. 667, 672 (B.A.P. 8th Cir. 1999) ("When ... a case presents routine chapter 13 matters, the court may review the fees requested in light of fees typically charged, and may reduce the requested fee accordingly.

---

[5] The PRF in this District was increased to $5,000 effective for cases filed on or after October 1, 2024.

It is not necessary for the court to find that the time spent on any given task was excessive before reducing the award.");

**AND,** at the August 7, 2024 hearing, the Court referenced several entries that appeared to be excessive, non-billable administrative or overhead.[6] The Court asked Applicant what services were performed on the following billing entries: 6/23/22 - 1.7 hours; 6/29/22 - 1.7 hours; 7/1/22 - 1.7 hours. Applicant was unable to support these entries and admitted that he was not able to meet his burden;[7]

**AND,** accordingly, the Court shall apply a forty percent (40%) reduction to the Application, *see In re Kern*, 2021 WL 3518806, at *5 (Bankr. D. N.J. 2021) ("If a court determines some of the time claimed by a party should be excluded, it may also use a percentage deduction as a practical means of trimming fat from a fee application." (*quoting In re Nicholas*, 496 B.R. 69, 76 (Bankr. E.D.N.Y. 2011)));[8]

It is hereby **ORDERED** that:

1. The Application is **GRANTED** in part and **DENIED** in part as set forth below.
2. Compensation for professional services on the Application is **ALLOWED** in favor of the Applicant in the amount of **$7,121.55**.
3. Reimbursement of expenses is **ALLOWED** in favor of the Applicant in the amount of **$449.85.**

---

[6] As discussed with Applicant at the hearing, during this period, the Court did approve approximately twelve (12) of Applicant's fee applications in other cases where the Trustee objected. Tr. at 5-6.
[7] Applicant indicated "I'm not carrying my burden of showing where the time is being spent preparing the schedules" and "I recognize that I'm not meeting my burden …" Tr. at 9, 20. When given additional post-hearing time, Applicant indicated that he was "unable to determine precisely what aspect of schedule preparation or plan review was being conducted on those dates." Doc. 61, at ¶44.
[8] This reduction still provides Applicant with a fee substantially in excess of the PRF and what most other practitioners in this District charge in a routine consumer Chapter 13 case.

4. To the extent the Applicant wishes to move for reconsideration of this Order, the Applicant may do so and the Court may hold a hearing, if requested.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: September 30, 2025