IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: DOMINIC JOSEPH DECANTIS; AKA    : CHAPTER 13
DOMINIC DECANTIS; AKA DOMINIC J.    :
DECANTIS,    :
     Debtor    :
   :
JACK N. ZAHAROPOULOS    :
STANDING CHAPTER 13 TRUSTEE,    :
     Objectant    :
   : CASE NO. 5:22-bk-01826-MJC
     vs.    :
   :
CARLO SABATINI, ESQUIRE,    :
     Applicant    :

**TRUSTEE'S OBJECTION TO INTERIM**
**APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 20th day of May, 2024, comes Jack N. Zaharopoulos, Standing Chapter

13 Trustee, by and through his attorney Agatha R. McHale, Esquire, who objects, pursuant to 11

U.S.C. §330(a)(2), to the Interim Application of Attorney for Chapter 13 Debtor for Compensation

and Reimbursement of Expenses filed on April 29, 2024, and states as follows:

**Facts**

1.     Objectant, Jack N. Zaharopoulos, is the duly appointed Trustee in this case and,

therefore, the representative of the Estate under § 323(a).

2.     On September 22, 2022, Debtor filed a Petition under Chapter 13 of the Bankruptcy

Code.

3.     On April 29, 2024, Applicant filed his Interim Application for Compensation and

Reimbursement of Expenses.

4.     The District has determined that $4,500.00 is a presumptively reasonable fee

1

("PRF") for an attorney representing a debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case.  L.R. 2016-2 (c)

5.    Applicant's Interim Fee Application requests $11,506.10 in compensation and reimbursement of expenses to be paid through the Chapter 13 Plan, but only to the extent that funds are available to pay it.

6.    Applicant's fees and expenses in the present case total approximately $12,319.10 including the amount of $813.00 taken prior to the Interim Fee Application.

7.    General unsecured creditors have been paid a total of $2,131.18.

## Applicable Law

8.    The PRF should be used "as a guide or 'starting point' to what should be considered a 'reasonable fee in a routine Chapter 13 case in this District.'" *In re Thomas,* No. 5:18-03265-MJC (Bankr. M.D. Pa. Oct. 18, 2023); *In re Badyrka*, No. 5:20-20-03618-MJC, 2022 WL 4656034 at *6 (Bankr. M.D. Pa. Sept. 30, 2022) (citation omitted).

9.    Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b). "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

10.    The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995).  "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re*

*Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

11.    Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services; (ii) the extent of the services; (iii) the value of the services; (iv) the time spent on the services; and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

12.    Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows reasonable fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

13.    The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

14.    The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

15.    The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his

or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "it's time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845; *see* also *In re Strauss*, No. 21-00995-MJC (Bankr. M.D. Pa. Mar. 31, 2023).

16.     The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

17.     Judge France previously stated "[a] bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. In making a fee determination, the court must take into consideration whether the professional exercised "reasonable billing judgment." *In re Fontaine*, 2015 WL 5162557, at *3 (Bankr. M.D Pa. 2015).

18.     Under § 1325(a)(6), a debtor must be able to make all payments under the plan and comply with the plan. Moreover, LR 2016-2(a) states that "[a]fter the petition is filed, an attorney may not receive payment of fees except through the chapter 13 plan, unless payment is otherwise

approved by the Court."

19.     As stated in *In re Roberson*, "at [a] minimum, the time records must be specific enough to allow a court to determine whether the hours claimed are reasonable for the work performed."  No. 22-02242-MJC, n.3 (Bankr. MD. Pa. Mar. 27, 2024); *citing In re Topa,* 2023 WL 2657095 at *2 (Bankr. N.D. Ohio 2023)*; In re Molina,* 632 B.R. 561, 573 (Bankr. S.D.N.Y. 2021).

### **Analysis and Facts Specific to the Present Fee Application**

20.     The Trustee avers the fees requested underfund the plan by approximately $4,664.60.

21.     This runs contrary to § 1325(a)(6), and LR 2016-2(a), which provides that the debtor must be able to make all payments in the plan, and comply with the plan, unless otherwise approved by the court.

22.     This case is a routine Chapter 13 case with no unique or complex issues.

23.     The Trustee further avers that the Interim Fee Application is not reasonable for the following reasons:

a.     The Trustee believes, and therefore avers, that the following services billed in Applicant's Interim Fee Application were performed in an inefficient manner, which resulted in excessive time billed relative to the complexity of the case. As such, the following entries should be reduced to a reasonable rate:

(1)     On June 18, 2022, Applicant's staff charged 1.40 hours in the amount of $189.00 for "[r]eceive and review documentation needed to prepare schedules from client. Organize documentation and add to client's electronic file."

(2)    On June 19, 2022, Applicant's staff charged 1.80 hours in the amount of $243.00 for "[r]eceive and review documentation needed to prepare schedules from client. Organize documentation and add to client's electronic file."

(3)    On October 3, 2022, Applicant's staff charged 0.20 hours in the amount of $30.00 for "[a]nalyze proof of claim 1 filed on the docket."

(4)    On October 4, 2022, Applicant's staff charged 0.20 hours in the amount of $30.00 for "[a]nalyze proof of claim 2 filed on the docket."

(5)    On October 4, 2022, Applicant's staff charged 0.20 hours in the amount of $30.00 for "[a]nalyze proof of claim 3 filed on the docket. Prep new payment address letter to client."

(6)    On October 4, 2022, Applicant charged 0.20 hours in the amount of $83.00 for "[r]eview paralegal's analysis of claim 3. Mortgage looks current. They have unapplied funds. If those funds were applied, it would be current. They did a recalculation with the escrow analysis and I think that is the issue here."

(7)    On October 4, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review paralegal's analysis of claim 1 filed on the docket. No letter needed."

(8)    On October 4, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review paralegal's analysis of claim 2 filed

on the docket. No letter needed."

(9)     On November 4, 2022, Applicant's staff charged 0.30 hours in the amount of $45.00 for "[a]nalyze claim 4 filed on the docket."

(10)    On November 4, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eview paralegal's analysis of claim 4."

(11)    On November 22, 2022, Applicant's staff charged 0.20 hours in the amount of $30.00 for "[a]nalyze proof of claim 5 filed on the docket."

(12)    On November 23, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eview paralegal's analysis of claim 5."

(13)    On December 2, 2022, Applicant's staff charged 0.20 hours in the amount of $30.00 for "[a]nalyze proof of claim 6 filed on the docket. Email analysis to CS."

(14)    On December 14, 2022, Applicant's staff charged 0.10 hours in the amount of $15.00 for "[r]eceive and review withdrawal of claim 6 filed on the docket."

Applicant and Applicant's staff billed approximately 2 hours in the amount of $459.00 for reviewing and analyzing proofs of claim.

b.    The Trustee believes, and therefore avers, that the following services billed in Applicant's Interim Fee Application are too vague to conclude how they benefited the Debtor's bankruptcy estate. The Trustee cannot discern if the services performed were administrative in nature, duplicative, or reasonably commensurate with the complexity of the task being performed. Because the entries lack sufficient

specificity for the Court to discern whether these fees are properly billable, the following fees should therefore be disallowed:

(1)    On June 19, 2022, Applicant's staff charged 1.90 hours in the amount of $256.50 for "[p]repare petition and schedules."

(2)    On June 20, 2022, Applicant's staff charged 0.70 hours in the amount of $94.50 for "[c]ontinue preparing schedules."

(3)    On June 21, 2022, Applicant's staff charged 1.20 hours in the amount of $180.00 for "[w]ork with I, J, MT, and Plan."

(4)    On June 21, 2022, Applicant's staff charged 1.10 hours in the amount of $148.50 for "[c]ontinue preparing schedules."

(5)    On June 22, 2022, Applicant's staff charged 0.40 hours in the amount of $54.00 for "[c]ontinue preparing schedules."

(6)    On June 23, 2022, Applicant charged 1.70 hours in the amount of $705.50 for "[w]ork with I, J, and MT. Prepare plan."

(7)    On June 23, 2022, Applicant's staff charged 0.40 hours in the amount of $54.00 for "[c]ontinue preparing schedules."

(8)    On June 24, 2022, Applicant's staff charged 0.50 hours in the amount of $75.00 for "[a]djust I and MT, and special provisions attachment in plan."

(9)    On June 25, 2022, Applicant's staff charged 1.20 hours in the amount of $162.00 for "[c]ontinue preparing schedules."

(10)   On June 26, 2022, Applicant's staff charged 1.80 hours in the amount of $243.00 for "[c]ontinue preparing schedules."

(11)    On June 26, 2022, Applicant's staff charged 1.50 hours in the amount of $202.50 for [c]ontinue preparing schedules."

(12)    On June 29, 2022, Applicant charged 0.60 hours in the amount of $249.00 for "[m]eet with paralegal to go over schedules, work on plan calculations, and address issues that she had flagged for me."

(13)    On June 29, 2022, Applicant's staff charged 1.70 hours in the amount of $229.50 for [c]ontinue preparing schedules."

(14)    On June 30, 2022, Applicant's staff charged 1.80 hours in the amount of $243.00 for "[c]ontinue preparing schedules."

(15)    On July 1, 2022, Applicant's staff charged 2.70 hours in the amount of $405.00 for [c]ontinue preparing schedules."

(16)    On July 1, 2022, Applicant charged 1.70 hours in the amount of $705.50 for "[d]raft post-filing instructions for client, draft plan attachment and complete my review of petition and schedules."

(17)    On July 1, 2022, Applicant's staff charged 0.30 hours in the amount of $40.50 for "[c]ontinue preparing schedules."

(18)    On July 2, 2022, Applicant's staff charged 0.40 hours in the amount of $54.00 for "[g]enerate, review, and revise schedules."

(19)    On September 21, 2022, Applicant's staff charged 1.00 hours in the amount of $135.00 for "[c]onference with CS and client regarding information to prepare case."

(20)    On September 21, 2022, Applicant charged 0.60 hours in the amount of $249.00 for "[m]eet with paralegal to finalize schedules and

plan."

(21)    On September 21, 2022, Applicant charged 0.60 hours in the amount of $249.00 for "[m]eeting with client to finalize bankruptcy documentation."

(22)    On September 22, 2022, Applicant's staff charged 1.90 hours in the amount of $256.50 for "[c]onference with CS and client to review petition."

Applicant and Applicant's staff billed approximately 25.70 hours in the amount of $4,991.50 for preparation of the petition, schedules, means test, and plan.

c.    The Trustee believes, and therefore avers, that the following services billed at an attorney rate in Applicant's Interim Fee Application are excessive and should be reduced to a paralegal rate:

(1)    On September 6, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[e]dit to schedule J and Plan."

(2)    On October 27, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[e]mail to Jones asking if he would accept service of 9011 motions."

(3)    On December 6, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[e]mail to Resurgent requesting documents upon which claim is based."

(4)    On October 11, 2023, Applicant charged 0.10 hours in the amount of $41.50 for "[e]mail to Jones. to follow up on escrow recalculation."

d.     The Trustee believes, and therefore avers, that the following services billed in Applicant's Interim Fee Application are duplicative in nature and should not be billable to the client:

(1)     On July 12, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review email from Dugan attaching breakdown of delinquencies and interest."

(2)     Also on July 12, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[e]mail to Dugan regarding delinquencies and interest accrued."

e.     The Trustee believes, and therefore avers, that the following services billed in Applicant's Interim Fee Application are administrative in nature and should not be billable:

(1)     On June 13, 2022, Applicant's staff charged 0.10 hours in the amount of $15.00 for "[r]eceive and review email from client attaching budget."

(2)     On July 5, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[e]mail to Schuman regarding deposition continuance."

(3)     On July 5, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive, review, and respond to email from Hannum regarding rescheduling deposition and allowing 30-day extension to respond."

(4)     On July 11, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review email from client with collection

letter."

(5)    On July 12, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eview message from client. Call to client. No answer, leave message regarding plan payment."

(6)    On July 20, 2022, Applicant's staff charged 0.10 hours in the amount of $15.00 for "[r]eceive and review email from client regarding Honda. He wants to call this company to find out if this is related to the deposition."

(7)    On July 27, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[e]mail to Dugan asking after response to two emails."

(8)    On August 1, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review phone message from client regarding magistrate's office records. Call to client. No answer, leave message."

(9)    On August 14, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[e]mail to Dugan to follow up on garbage debts."

(10)   On August 15, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review email from Dugan regarding waving interest on penalty amounts and concerning liens."

(11)   On August 23, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]ead statute. Email to ASW with instructions."

(12)   On September 23, 2022, Applicant's staff charged 0.10 hours in the amount of $15.00 for "[f]ile motion for wage attachment."

(13)  On September 30, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review email from Jones regarding the handling of mortgage claim in a previous case and attaching Decantis mortgage claim."

(14)  On September 30, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review email from client regarding paperwork they received from the mortgage company."

(15)  On October 3, 2022, Applicant's staff charged 0.10 hours in the amount of $15.00 for "[r]eceive and review letter from Select Portfolio Servicing regarding representation."

(16)  On October 5, 2022, Applicant's staff charged 0.10 hours in the amount of $15.00 for "[r]eceive and review email from client confirming she made mortgage changes."

(17)  On October 6, 2022, Applicant's staff charged 0.10 hours in the amount of $15.00 for "[r]eceive and review letter from Select Portfolio regarding lien subject to bankruptcy."

(18)  On October 25, 2022, Applicant's staff charged 0.90 hours in the amount of $135.00 for "[r]eview file and organize it in preparation for 341 meeting."

(19)  On October 31, 2022, Applicant's staff charged 0.10 hours in the amount of $41.50 for "[r]eceive and review email from Kim DeSanto, legal secretary for Attorney Wood, regarding my client's plan to include the debt owed to the city of Scranton."

(20) On November 23, 2022, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review email from trustee's office regarding reaching out to attorney Jones and his return to office before the confirmation hearing."

(21) On December 7, 2022, Applicant's staff charged 0.10 hours in the amount of $15.00 for "[r]eceive and review notice of rescheduled confirmation hearing."

(22) On February 10, 2023, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review email from case administrator with certified orders avoiding liens."

(23) On May 4, 2023, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review message from client asking about roof warranty and whether that was affected by the bankruptcy filing."

(24) On October 11, 2023, Applicant charged 0.10 hours in the amount of $41.50 for "[r]eceive and review email from Jones regarding clients new policy."

(25) On October 30, 2023, Applicant's staff charged 0.20 hours in the amount of $30.00 for "[r]eceive and review notice of mortgage payment change."

(26) On December 1, 2023, Applicant's staff charged 0.20 hours in the amount of $30.00 for "[r]eview notice of mortgage payment change."

Applicant and Applicant's staff billed approximately 3.60 hours in the amount of $964.00 for administrative tasks.

f.    The Trustee believes, and therefore avers, that the following services billed in Applicant's Interim Fee Application are excessive and should be reduced:

(1)    On June 17, 2022, Applicant's staff charged 0.30 hours in the amount of $45.00 for "[c]all with client. She had questions concerning taxes. She said that she believes the tax information she gave us is incorrect. Provided correct tax information."

(2)    On June 24, 2022, Applicant's staff charged 0.20 hours in the amount of $30.00 for "[c]all from client regarding UGI bill."

(3)    On July 1, 2022, Applicant's staff charged 0.40 hours in the amount of $54.00 for "[c]all to client to ask for information regarding taxes, wage garnishment, and life insurance."

(4)    On October 26, 2022, Applicant's staff charged 0.20 hours in the amount of $30.00 for "[p]repare 9011 motion for filing."

(5)    On October 27, 2022, Applicant's staff charged 0.10 hours in the amount of $15.00 for "[f]inish prepping 9011 motions."

(6)    On October 27, 2022, Applicant charged 0.30 hours in the amount of $124.50 for "[r]eview 9011 motion from ASW. Edit proposed orders."

(7)    On December 20, 2022, Applicant charged 0.30 hours in the amount of $124.50 for "[r]eview lien avoidance motions."

(8)    On December 22, 2022, Applicant's staff charged 0.30 hours in the

15

amount of $45.00 for "[f]ile and serve three motions to avoid liens."

(9)    On December 28, 2022, Applicant's staff charged 0.20 hours in the

amount of $30.00 for "[s]econd call with client regarding missed

plan payments."

(10)    On December 29, 2022, Applicant's staff charged 0.20 hours in the

amount of $30.00 for "[c]all from client regarding missing trustee

payment and check."

(11)    On January 13, 2023, Applicant's staff charged 0.30 hours in the

amount of $45.00 for "[r]eceive and review electronic notice of

filing: Order Confirming Plan. Update file to reflect same. Serve

order (prepare mailing, certificate of service, file the same.).

(12)    On July 20, 2023, Applicant's staff charged 0.50 hours in the

amount of $75.00 for "[r]eview notice of mortgage payment change.

Email to client regarding the same."

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on

the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:    /s/ Agatha R. McHale
Attorney for Trustee

## CERTIFICATE OF SERVICE

AND NOW, this 20th day of May, 2024, I, hereby certify that I served a copy of this

Objection either electronically or by depositing the same in the United States Mail, at

Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Carlo Sabatini, Esquire
Sabatini Law Firm, LLC
216 North Blakely Street
Dunmore, PA 18512
Email: usbkct@bankruptcypa.com

/s/ Derek M. Strouphauer
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097