IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dominic Joseph DeCantis, | Civil Action No. 3:25-CV-1927 |
| Appellant | |
| v. | (DISTRICT JUDGE KAROLINE MEHALCHICK) |
| Trustee Jack Zaharopoulos, | |
| Appellee | |

**Brief in Support of Motion to Stay**

**A. Procedural History of the Case and Statement of Facts**

On September 30, 2025, the bankruptcy court entered an interim order ("the First Fee App Order") granting in part and denying in part Appellant's interim application for attorney's fees. (Ex. A.) On October 13, 2025, Appellant filed a notice of appeal with regard to the First Fee App Order.

On November 12, 2025, Appellant filed a second application for attorney's fees ("the Second Fee App", Ex. B.) In the Second Fee App, Appellant specifically waived any right to fees other than those that were the subject of the First Fee App Order or which were sought in the Second Fee App. The Second Fee App is still pending.

B. **Statement of questions involved**

1. Is the First Fee App Order final and subject to appeal?

    **Suggested Answer: No.**

2. Would a decision on the Second Fee App render the first First Fee App Order final?

    **Suggested Answer: Yes.**

3. If the First Fee App Order becomes final, then would that finality cure any jurisdictional defect so as to allow this Court to nevertheless hear a prematurely filed Appeal?

    **Suggested Answer: Yes.**

4. Is it appropriate to stay this appeal for a small period to allow for the Second Fee App to be decided, where all parties concur, and where the stay would serve judicial economy?

    **Suggested Answer: Yes.**

C. **Argument**

Appellant recently began preparing his appeal brief. While preparing the jurisdictional statement required by Bankruptcy Rule 8014(a)(4)(B), he determined that jurisdiction is uncertain. The appeal is from an order denying in part fees sought to be paid from the Chapter 13 bankruptcy estate by an

attorney for a Chapter 13 debtor. However, the application was filed as an interim application. Interim applications are subject to final adjustment and generally not considered to be a final order. *See e.g.*, *In re Valley Forge Plaza Assocs.,* 119 B.R. 471, 472 (E.D. Pa. 1990). Thus, the order appealed from is likely not final.

Fee awards become final where there is no possibility that a party can be granted additional fee requests. *In re Yermakov*, 718 F.2d 1465, 1469 (9th Cir. 1983); *see also, In re Dahlquist*, 751 F.2d 295, 297 (8th Cir. 1985)(bankruptcy proceeding was dismissed while appeal to district court was pending, rendering district court's order affirming that compensation final for purposes of appeal to the circuit). Here, the Second Fee App was filed as a final fee application rather than an interim one. The local bankruptcy form that is used for such a final fee application asks the Court for an order "determining that all prior interim orders are final." See [Local Bankruptcy Rule 2016-2](#); Ex. B, last paragraph; Local Bankruptcy Form 2016-2b.

Additionally, in the Second Fee App, Appellant specifically waived any right to additional fees, other than those that were sought in the Second Fee App or which are the subject of the present appeal. (Ex. B, p.1, ¶ 3.) Thus, once the bankruptcy court makes a decision on the Second Fee App, the First Fee App will become final.

That finality will cure the jurisdictional defect so the instant appeal could proceed. "A notice of appeal filed after the bankruptcy court announces a decision or order--but before entry of the judgment, order, or decree--is treated as filed on the date of and after the entry." Bankruptcy Rule 2002(a)(2); *see also DL Res., Inc. v. FirstEnergy Sols. Corp.*, 506 F.3d 209, 216 (3d Cir. 2007)(the appellate court "may entertain an appeal from a nonfinal order if an order which is final is subsequently entered before our adjudication on the merits")(non-bankruptcy case). Dismissing the appeal as prematurely filed would serve no purpose.

Appellant respectfully requests that the Court enter an order:

- staying this matter until the bankruptcy court decides the Second Fee App,
- requiring Appellant to file a status report within 7 days of the date that the bankruptcy court decides the Second Fee App, whereupon the stay should be deemed lifted; and
- requiring Appellant to file his opening brief within 30 days of the date that the bankruptcy court decides the Second Fee App.

Respectfully Submitted,

s/ Carlo Sabatini
Carlo Sabatini, PA 83831

4

Attorney for Appellant
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769

5